O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES RODRIGUEZ,<br><br>　　　　　　Petitioner,<br><br>　　vs.<br><br>KIM BEAKEY, Federal Bureau of Prisons,<br><br>　　　　　　Respondent. | CASE NO. CV 10-04956 PA (RZ)<br><br>ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |

The Court will dismiss this habeas action summarily because it is plainly meritless.

**I.**

**SUMMARY DISMISSAL OF PLAINLY MERITLESS PETITIONS**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

## II.

## BACKGROUND AND CLAIM

Petitioner Andres Rodriguez is a California state inmate in Pelican Bay. On June 25, 2010, he lodged the present Petition For Writ Of Habeas Corpus By A Person In State Custody (28 U.S.C. § 2254). He is serving two prison sentences concurrently, one federal and one state. His federal sentence for bank robbery and gun-use enhancements is 22 years and 8 months. *See* Ex. A to Pet. His California sentence for vehicle theft and evading police, to which crimes he pleaded guilty in Los Angeles County Superior Court in November 2005, amounts to eleven years and 4 months, including certain recidivism enhancements. *See* Ex. B to Pet. Petitioner asserts here that, in June 2009, he "became aware" that, because he is serving these two sentences concurrently, "he is entitled to . . . be transfer[r]ed to" federal custody. Pet. at non-numbered appendix. That is his sole claim: entitlement to a transfer from California state custody to the custody of the federal Bureau of Prisons.

The Court takes judicial notice, based on its inspection of public records, that Petitioner has not pursued relief of any sort, including his current claim, in the California Supreme Court. *See generally* http://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (negative results for "Andres Rodriguez" convicted in Los Angeles County).

## III.

## PETITIONER ENJOYS NO RIGHT
## TO AN INTER-SOVEREIGN PRISON TRANSFER

The case upon which Petitioner relies to support his "shall transfer" claim is *In re Stoliker*, 49 Cal.2d 75, 315 P.2d 12 (1957). As the Ninth Circuit has explained, however, "California law," under *Stoliker*, "bestows upon [its state inmates under sentences from two sovereigns] a substantial but limited right: the right to be *tendered* to [the other sovereign] for transfer." *Isreal v. Marshall*, 125 F.3d 837, 839 (9th Cir. 1997) (emphasis in original). Michael Isreal was a California inmate who, having escaped from Missouri

1 state prison before his arrival in California's custody, also "owed" substantial prison time
2 to Missouri. Missouri prison officials refused to accord Isreal concurrent sentencing credit
3 for his time imprisoned in California. For him to begin obtaining such credit, he would
4 have to serve his time in Missouri. California prison officials cooperatively wrote to their
5 Missouri counterparts, offering such an interstate transfer. But the Missouri officials
6 refused to accept Isreal until Isreal was released from California. *Id*. at 838-39. After
7 Isreal exhausted a "shall transfer" *Stoliker* claim in the California Supreme Court – a step
8 that Petitioner Rodriguez omitted, as noted above – he sought habeas relief in federal court.
9 He contended that California should have taken further action – such as by offering to
10 shoulder any financial burden of transferring him – and thus had deprived him of a state-
11 created liberty interest without federally-required due process.

12          The Ninth Circuit affirmed the denial of habeas relief. After assuming,
13 without deciding, that state-created rights under *Stoliker* "rise[] to the level of a federally
14 protected liberty interest," the appellate court held that California state prison officials had
15 supplied whatever process was "due" unto him when they sent their letter to Missouri
16 officials. That letter "made perfectly clear that, as far as California was concerned, [Isreal]
17 was available for transfer to Missouri." That sufficed for purposes of *Stoliker* and the
18 federal due process clause. *Isreal*, 125 F.3d at 839-40.

19          Petitioner's situation is no better than Isreal's was. As with Isreal, California
20 prison officials offered – "tendered" – Petitioner to the "other sovereign." *See* Ex. C to Pet.
21 As with Isreal, the other sovereign refused to accept a transfer until Petitioner had
22 completed his time in state prison. *See* Ex. D to Pet. Indeed, Petitioner's situation is worse
23 than Isreal's in two ways. First, Petitioner's claim is unexhausted. Second, unlike Isreal,
24 who could not receive Missouri sentencing credit at all unless he were to be transferred
25 there – and who thus likely would spend more total time in prison without the desired
26 transfer – Petitioner is serving his federal and state sentences concurrently. This entire
27 action thus is about *where* (or, by what sovereign) Petitioner will be imprisoned, not *for*
28 *how long*. In sum, Petitioner's claim plainly lacks merit.

## IV.
## CONCLUSION

Although the petition's sole claim is unexhausted, "it is perfectly clear that the applicant does not raise even a colorable federal claim." *See Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). Therefore, this is the rare instance in which a summary dismissal of an unexhausted claim is warranted. *See id.*; 28 U.S.C.§ 2254(b)(2). For the reasons discussed above, the action is DISMISSED.

IT IS SO ORDERED.

DATED: July 16, 2010

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE